**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **ROCHELLE LINDER** | ) |
| Plaintiff, | ) Civil Action No. |
| v. | ) |
| **ER SOLUTIONS, INC.** | ) |
| Defendant. | ) |

## COMPLAINT

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.* (hereafter the "UTPCPL") and other state law claims. These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Rochelle Linder is an adult individual residing at 1830 East Airdrie Street, Philadelphia, Pennsylvania 19124.

5. Defendant ER Solutions, Inc. is a business entity which regularly conducts business in Philadelphia County, Pennsylvania and with its principal office located at 800 SW 39th Street, Renton, WA 98057. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was hired to collect a debt for Comcast Communications, Inc. (hereafter the "debt").

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. At all times pertinent hereto, Plaintiff does not and has never owed a debt to Defendant.

9. Notwithstanding the above, Defendant began falsely reporting to the credit reporting agencies that Plaintiff purportedly owed the debt.

10. In or around December 2010, upon reviewing her credit report, Plaintiff contacted Defendant, disputed the debt, and advised that she was not responsible for the debt and that she had confirmed with Comcast that she was not responsible for the debt.

11. Notwithstanding the above, Defendant continued to falsely report the debt to the credit reporting agencies and likewise failed to report that the debt was disputed by Plaintiff.

12. Defendant acted in a false, deceptive, misleading and unfair manner by reporting false credit information on the consumer's credit reports, including failing to mark the debt as disputed.

13. Defendant acted in a false, deceptive, misleading and unfair manner by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

14. Defendant acted in a false, deceptive, misleading and unfair manner by misrepresenting the character, amount, or legal status of any debt.

15. Defendant acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

16. Defendant knew or should have known that their actions violated the FDCPA, FCEUA, and the UTPCPL. Additionally, Defendant could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

17. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

18. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

19. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish,

embarrassment, humiliation, damage to reputation and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I - VIOLATIONS OF THE FDCPA

20. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

23. The above contact between Defendant and Plaintiff was a "communication" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

24. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10), and 1692f as evidenced by the following conduct:

    (a) Misrepresenting the character, amount, or legal status of any debt;

    (b) Communicating or threatening to communicate credit information which is known or should be known to be false including the failure to communicate that the debt is disputed;

    (c) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; and

    (d) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

25. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT II – VIOLATION OF THE FCEUA AND UTPCPL

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. Defendant is a "debt collector" as defined by 73 P.S. § 2271.3 of the FCEUA.

28. Plaintiff is a "debtor" as defined by 73 P.S. § 2271.3 of the FCEUA.

29. Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the alleged debt in violation of the FCEUA. Defendant's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

    (a) Communicating with any person other than the consumer and disclosing a debt;

    (b) Misrepresenting the character, amount, or legal status of any debt;

    (c) Communicating or threatening to communicate credit information which is known or should be known to be false including the failure to communicate that the debt is disputed;

    (d) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; and

  (e)  Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

30. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

31. As a result of the above violations of the FCEUA and UTPCPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of actual, statutory and treble damages and attorneys' fees and costs.

## COUNT III – DEFAMATION

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. Defendant has published statements both orally and through writing to various creditors, prospective credit grantors, other credit reporting agencies, and other entities that the above-referenced derogatory inaccurate information belong to the Plaintiff.

34. Defendant has published these statements each time a credit report on Plaintiff has been requested from any creditor, prospective credit grantors furnisher or other source.

35. The statements made by Defendant are false in that they inaccurately reflect Plaintiff's credit information and debt repayment history, and paint Plaintiff as financially irresponsible and delinquent.

36. Defendant has published these statements to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

37. Defendants knew that the statements were false when made, and had no factual basis for making the statements, as Plaintiff has notified them repeatedly through writing,

telephone communication and extensive documentation that the above inaccurate information was inaccurate for the reasons stated above.

38. Nonetheless Defendant continues to publish the false and negative statements concerning the Plaintiff's credit history up through the present time.

39. The written statements and publications constitute libel per se.

40. The oral statements and publications constitute slander per se.

41. In addition, and despite the repeated notices from Plaintiff, Defendant has acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom it provides credit information concerning the Plaintiff.

42. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

## JURY TRIAL DEMAND

43. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e)     Such other and further relief as may be just and proper.


                         Respectfully Submitted,

                         **FRANCIS & MAILMAN, P.C**.


BY:    */s/ Mark D. Mailman*
           MARK D. MAILMAN, ESQUIRE
           GREGORY J. GORSKI, ESQUIRE
           Land Title Building, 19th Floor
           100 South Broad Street
           Philadelphia, PA 19110
           (215) 735-8600

           Attorneys for Plaintiff

DATE:  June 14, 2011